STATE OF NEBRASKA, EX REL. GUY A. BROWN, GEORGE E. CHURCH, GEORGE K. AMORY, AND ALLEN W. HAWLEY, v. H. S. BOWERS, COUNTY SUPERINTENDENT OF PUBLIC INSTRUCTION.

**Schools in Cities of the second class.** Under the provisions of the act "relating to public schools in cities of the second class, where graded and high schools are or hereafter may be established," approved Feb. 25, 1875 [Laws 1875, 108], a city of the second class having a population of more than two thousand inhabitants, including said adjacent territory as may be attached for school purposes, may be formed into one school district, and the boundaries of the school district are not necessarily limited to the city boundaries.

ORIGINAL application for an alternative writ of mandamus.

*Guy A. Brown,* for relators.

MAXWELL, CH. J.

The relators allege in their petition that they are residents of certain territory adjacent to the city of Lincoln, which territory, although outside of the city limits, is included with the city of Lincoln in school district No. one of Lancaster county; that on the 24th day of January, 1880, the relators, being a majority of the legal voters of said adjacent territory, presented a petition to the respondent, who is the county superintendent of public instruction of said county, praying that said adjacent territory be detached from school district number one and attached to school district number one hundred and five, etc.; but that respondent refused to act upon said petition, or to attach said territory to said district number one hundred and five, etc. Wherefore, the relators pray for a writ of mandamus, etc.

Section 1 of the act " relating to schools in cities of the second class where graded schools are, or hereafter may be established," approved Feb. 25, 1875, [Laws 1875, 208], provides "that each incorporated city of the second class in the state of Nebraska, or those hereafter incorporated as such, having a population of more than two thousand inhabitants, including such adjacent territory as now is or hereafter may be attached for school purposes, shall constitute one school district, and be known by the name of " the school district of (name, of city), in the county of (name of county), in the state of Nebraska," etc. It is conceded by the relators that if the title of the act in question is broad enough to authorize the formation of a school district comprising the city and territory adjacent thereto, that the writ must be denied. There is nothing in the title of the act in question necessarily limiting the boundaries of the school district to the boundaries of the city. The school district, while taking the name of the city, may include the city and such adjacent territory as may be attached thereto for school purposes, which shall constitute one school district.

Section 2 of the act provides that " such schools shall be free to all children between the ages of five and twenty-one years, whose parents or guardians reside within the limits of said district, and to all children of non-residents paying taxes therein." It is evident that the law does not restrict the boundaries of the district to the city limits, and the relators are within the boundaries of school district number one, and as it is not alleged that a majority of the voters in all the districts affected by the proposed change signed the petition addressed to the respondent, as required by section one of the act to establish a system of public instruction for the state of Nebraska

[Gen. Stat., 961], he can not be compelled by man-
damus to comply with the prayer of the petitioners.
The writ must therefore be denied.

WRIT DENIED.